Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA 95747
Telephone: (916) 677-1776
Facsimile: (916) 677-1770

Attorney *for Plaintiff, Princeton Developments, LLC*

FILED
2011 SEP -8  A 11:48
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA SAN JOSE

E-filing

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

CV11-04471 HRL

| | |
|---|---|
| PRINCETON DEVELOPMENTS, LLC, a California Limited Liability Company,<br><br>Plaintiff;<br>v.<br><br>BRYNEE K. BAYLOR, an individual; BAYLOR & JACKSON, PLLC, a Professional Limited Liability Company; THE MILAN GROUP, INC.; FRANK LORENZO, an individual; SYED ALI ABBAS, an individual; GPH HOLDINGS, LLC; PATRICK LEWIS, an individual and DOES 1-50,<br><br>Defendant(s). | No.<br><br>**COMPLAINT FOR FRAUD, BREACH OF WRITTEN CONTRACT, LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY, MONEY HAD AND RECEIVED AND INCLUDING ALTER EGO ALLEGATIONS**<br><br>**JURY TRIAL DEMANDED** |

For its complaint against Brynee K, Baylor, Baylor & Jackson PLLC, The Milan Group, Inc., Frank Lorenzo, Syed Ali Abbas, GPH Holdings, LLC; Patrick Lewis and DOES 1-50 (collectively, "Defendants"), Princeton Developments, LLC, ("Plaintiff") alleges:

///

1
Complaint

# NATURE OF THE ACTION

This complaint arises from a concerted effort and conspiracy by all defendants to defraud plaintiff of $223,000.00.

# PARTIES

1. Plaintiff, Princeton Developments, LLC, is a California Limited Liability Company, organized and operating under the laws of the State of California and at all times relevant hereto authorized to conduct business in California.

2. Defendant, Brynee K. Baylor, is an individual and attorney at law, upon information and belief, residing in Washington D.C. or the immediate surrounding area.

3. Defendant, Baylor & Jackson, PLLC, is, upon information and belief, a law firm operating as a Professional Limited Liability Company, doing business in Washington, D.C. Brynee K. Baylor was, at all times relevant hereto, a partner in Baylor & Jackson.

4. Defendant, The Milan Group, Inc., is, upon information and belief, at all times relevant hereto, a Pennsylvania corporation.

5. Defendant, Frank Lorenzo, is, upon information and belief, an individual residing in the State of Pennsylvania and at all times relevant hereto was conducting business through The Milan Group, Inc. as his alter ego.

6. Defendant, Syed Ali Abbas, is an individual, upon information and belief, residing in Fremont, California.

7. GPH Holdings, LLC was at all times relevant hereto, an Idaho Limited Liability Company.

8. Patrick Lewis is an individual and upon information and belief was at all times relevant hereto an Idaho resident conducting business through GPH Holdings, LLC as his alter ego.

9. Plaintiff is ignorant of the true names and capacities of any Defendants sued herein as DOES 1 through 50 and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the incurrence herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(a)(1) and 1332(c)(1) because plaintiff is a California LLC and with the exception of Abbas, all of the defendants are citizens of states other than California and all of the Defendant entities are organized in States other than California.

11. Venue in this judicial district is proper under 28 U.S.C. § 1391(a)(2) because jurisdiction is founded upon diversity of citizenship with only Plaintiff and Defendant Abbas residing in CA and with a substantial majority of the events giving rise to the claims set forth herein occurred in the Northern District of California in and around San Jose.

///

## ALTER EGO ALLEGATIONS

12.     Upon information and belief Plaintiff alleges that the Milan Group is the alter ego of Frank Lorenzo, that the Milan Group was formed by Lorenzo for the purpose of committing fraud and visiting injustice upon Plaintiff and others and that there is such a unity of interest and ownership that the separate personalities of Lorenzo and the Milan Group no longer exist or never existed and that failure to disregard the separate identities of Lorenzo and the Milan Group would result in fraud or injustice in that adherence to the fiction of the separate existence of the Milan Group as distinct from Lorenzo would permit an abuse of the corporate privilege and would sanction fraud, inequity and promote injustice by his ability to avoid and prevent attachment and execution by creditors.  Plaintiff believes and thereby alleges that subsequent discovery will bear out the factual claims set forth in this paragraph.

13.     Upon information and belief Plaintiff alleges that the Patrick Lewis is the alter ego of GPH Holdings, that GPH Holdings was formed by Patrick Lewis for the purpose of committing fraud and visiting injustice upon Plaintiff and others and that there is such a unity of interest and ownership that the separate personalities of GPH Holdings and the Patrick Lewis no longer exist or never existed and that failure to disregard the separate identities of GPH Holdings and the Patrick Lewis would result in fraud or injustice in that adherence to the fiction of the separate existence of GPH Holdings as distinct from Patrick Lewis would permit an abuse of the corporate privilege and would sanction fraud, inequity and promote injustice by his ability to avoid and prevent attachment and execution by creditors.  Plaintiff believes and thereby alleges that subsequent discovery will bear out the factual claims set forth in this paragraph.

## FIRST CAUSE OF ACTION
## FRAUD
**(Against The Milan Group, Inc; Frank Lorenzo; Syed Ali Abbas; GPH Holdings, LLC; Patrick Lewis; and DOES 1-25)**

14. Plaintiff hereby incorporates the allegations of paragraphs 1 through 13 as if each were restated.

15. On, or around September 9, 2010, Syed Ali Abbas, on behalf of himself, Frank Lorenzo, The Milan Group, Patrick Lewis, and GPH Holdings, LLC, made the following factual representations and promises of material fact to Plaintiff, (hereinafter referred to as "The Fraudulent Representations").

   a. If Plaintiff would deposit $325,000.00 into the attorney/client trust account of defendants Brynee K. Baylor and Baylor & Jackson, PLLC, Lorenzo, through Milan, working in conjunction with Lewis, through GPH Holdings would provide Plaintiff with a "leased instrument" having a value of $10,000,000;

   b. The "instrument" would be "monetized" and that the resulting funds would be used by Lorenzo, through Milan, in conjunctions with Lewis, through GPH Holdings to acquire a "larger instrument" of not less than $150,000,000 and that not less than $100,000,000 of these funds would be used to fund Plaintiff's "participation" in a "private placement platform";

16. Each of The Fraudulent Representations were false when made and Abbas, Lorenzo, Milan, Lewis, GPH Holdings and DOES 1-25 knew that they were false when the said representations were made by Abbas to Plaintiff.

17. Plaintiff justifiably and reasonably believed that The Fraudulent Representations were true.

18. Plaintiff reasonably and justifiably relied upon The Fraudulent Representations.

19. The Fraudulent Representations were false because Abbas, Lorenzo, Milan, Lewis, GPH Holdings and DOES 1-25 never intended to provide Plaintiff with a "leased instrument" having a value of $10,000,000 which would be "monetized" with the resulting funds would be used to acquire a "larger instrument" of not less than $150,000,000 with not less than $100,000,000 used to fund Plaintiff's "participation" in a "private placement platform". In fact, the only purpose for the elaborate scheme was to induce Plaintiff to part with its money, which, under the said scheme and with the aid of Defendants Brynee K. Baylor and Baylor & Jackson would end up in the pockets of these said Defendants with Plaintiff receiving nothing thereby.

20. When Abbas, on behalf of Lorenzo, Milan, Lewis, GPH Holdings and DOES 1-25 made the fraudulent representations set forth at paragraph 17 he knew that they were false and intended that Plaintiff rely thereon to its detriment.

21. Plaintiff has been damaged in the amount of $223,000.00 by the described fraud of Abbas, Lorenzo, The Milan Group, Inc., Lewis, GPH Holdings, LLC and DOES 1-25.

22. The conduct from Defendants herein entitle Plaintiff to punitive damages.

Wherefore, Plaintiff prays for the relief hereinafter set forth,

///

///

## SECOND CAUSE OF ACTION
## FRAUD
### (Against Brynee K. Baylor; Baylor & Jackson, PLLC and DOES 26-30)

23. Plaintiff hereby incorporates the allegations of paragraphs 1 through 22 as if each were restated herein.

24. On September 8, 2010, Brynee K. Baylor, on behalf of herself and on behalf of Baylor & Jackson, PLLC and DOES 26-30 made false material representations when she promised in writing that she and Baylor & Jackson would act as Plaintiff's attorney and escrow holder and would hold Plaintiffs' $223,000 in trust and treat the said funds in accordance with the escrow instructions, a copy of which were drafted by Baylor and provided to Plaintiff in writing and which are more particularly set forth on Exhibit "A" hereto and incorporated by reference.

25. Brynee K. Baylor knew her representations were false when she made them.

26. Brynee K. Baylor made the false representations in an attempt to induce Plaintiff to deposit $233,000 into her trust account so that the said funds could be misappropriated.

27. Plaintiff justifiably and reasonably believed The Fraudulent Representations were true and had no reason to believe otherwise.

28. Plaintiff reasonably and justifiably relied upon The Fraudulent Representations.

29. Plaintiff has been damaged in the amount of $223,000.00 by the described fraud of Brynee K. Baylor, Baylor & Jackson, and DOES 25-30.

30. Defendants, Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 25-30 knowingly participated in the fraud set forth in the First Cause of Action of this

Complaint and, on information and belief, were themselves instrumental in that fraud and conspiracy.

31. The conduct from Defendants herein entitles Plaintiff to punitive damages.

Wherefore, Plaintiff prays for the relief hereinafter set forth,

### THIRD CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT
**(Against Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30)**

32. Plaintiff hereby incorporates the allegations of paragraphs 1 through 31 as if each were restated herein.

33. On September 8, 2010, defendants Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30 by and through its managing partner, Brynee K. Baylor, promised in writing to act as Plaintiff's attorney, to hold Plaintiff's money in escrow in its attorney/client trust account and that it would, under no circumstances, release any part of the money unless Plaintiff first gave authorization.

34. Defendant, Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30 further promised in writing, that it would unequivocally release Plaintiff's money upon Plaintiff's demand.

35. On September 13, 2010, Plaintiff notified Brynee K. Baylor and Baylor & Jackson, PLLC in writing that they were not authorized to release any of Plaintiff's funds without the signatures of both of Plaintiff's managing members.

36. On numerous occasions between September 28, 2010 and September 30, 2010, Plaintiff notified Brynee K. Baylor and Baylor & Jackson, PLLC in writing that it was

canceling the escrow and demanded immediate return of its money then being held by its attorneys, Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30.

37. Plaintiffs demands were ignored by Brynee K. Baylor, Baylor & Jackson, PLLC, and DOES 26-30 who, upon information and belief, released Plaintiff's funds to The Milan Group, Inc and/or GPH Holdings and/or DOE defendants 1-25 in breach of the written contract between them and in violation of the fiduciary duties that Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30 owed to Plaintiff.

38. Plaintiff has been damaged by the breaches of Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30 noted herein in the amount of $223,000.

### FOURTH CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT
### (Against Syed Ali Abbas and DOES 31-35)

39. Plaintiff hereby incorporates the allegations of paragraphs 1 through 38 as if each were restated herein.

40. In September of 2010 Defendant, Syed Ali Abbas, on behalf of himself and DOES 31-35, in addition to the acts previously alleged against him, asked Plaintiff to loan him $112,500. Plaintiff loaned Abbas the $112,500 on or around September 9, 2010 which loan was memorialized in a writing, a true and correct copy of which is attached hereto as Exhibit "B".

41. Abbas and DOES 31-35 have failed to abide by the terms of the written agreement and have breached same by refusing to pay Plaintiff the final $60,500 as promised.

42. Plaintiff has been damaged by the breach of Abbas and DOES 31-35 in the amount of $60,500.

Wherefore, Plaintiff prays for the relief hereinafter set forth.

### FIFTH CAUSE OF ACTION
### ATTORNEY MALPRACTICE
### (Against Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30)

43. Plaintiff hereby incorporates the allegations of paragraphs 1 through 42 as if each were restated herein.

44. On September 8, 2010, defendant, Brynee K. Baylor, on behalf of herself and of Baylor & Jackson, PLLC and DOES 26-30, promised to act as Plaintiff's attorneys, to hold Plaintiff's money in escrow in its attorney/client trust account and that, as Plaintiff's attorneys, would under no circumstances release any part of the money unless authorized by Plaintiff. (See exhibit "A" attached hereto and incorporated by this reference).

45. The written promise of Brynee K. Baylor and Baylor & Jackson, PLLC to act as Plaintiff's attorneys with regard to the escrow, resulted in an attorney/client relationship between Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30, and Plaintiff.

46. Defendants, Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30 and, as Plaintiff's attorneys had a fiduciary duty to Plaintiff.

47. Within the past twelve months, Defendants, Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30 breached their fiduciary duty to Plaintiff by dispersing Plaintiff's money without the consent of Plaintiff, against the express instruction of Plaintiff and in violation of the written promises made by said attorney defendants to Plaintiff.

48. In so acting, Brynee K. Baylor's, Baylor & Jackson, PLLC's and DOES 26-30's actions failed to satisfy the standard of care imposed upon attorneys in the Washington D.C. area and in California and therefore constituted legal malpractice which injured Plaintiff in the amount of $223,000.00.

Wherefore, Plaintiff prays for the relief hereinafter set forth.

### SIXTH CAUSE OF ACTION
### MONEY HAD AND RECEIVED
(Against Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30)

49. Plaintiff hereby incorporates the allegations of paragraphs 1 through 48 as if each were restated herein.

50. On or around September 10, 2010, Plaintiff delivered $223,000 to defendants, Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30 to hold upon the written instruction of Plaintiff. (Exhibit "A" attached).

51. Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30 accepted the said funds and promised to hold same in accordance with written instructions and in observance of the fiduciary duties owed to Plaintiff as Plaintiff's attorneys.

52. Numerous written demands have been made by Plaintiff upon Brynee K. Baylor and Baylor & Jackson for the return of the said funds and Brynee K. Baylor and Baylor and Jackson have failed and refused to comply with Plaintiff's demands.

53. Brynee K. Baylor and Baylor and Jackson are therefore indebted to Plaintiff in the amount of $223,000.

Wherefore, Plaintiff prays for the relief hereinafter set forth.

# PRAYER

Plaintiff seeks an Order from this Court finding that The Milan Group, Inc. is the alter ego of Frank Lorenzo and that GPH Holdings, LLC is the alter ego of Patrick Lewis.

### As to the First Cause of Action—Fraud;

Against The Milan Group, Inc., Frank Lorenzo, Syed Ali Abbas, GPH Holdings, LLC, Patrick Lewis and DOES 1-25;

1. Damages in the amount of $223,000.00.

2. Interest at 10% per annum from September 9, 2010 until paid.

3. Punitive damages in an amount to be determined at trial.

4. Costs of suit.

5. Other relief warranted by the facts established at trial.

### As to the Second Cause of Action—Fraud;

Against Brynee K. Baylor, Baylor & Jackson, PLLC, and DOES 26-30;

1. Damages in the amount of $223,000.00.

2. Interest at 10% per annum from September 9, 2010 until paid.

3. Punitive damages in an amount to be determined at trial.

4. Costs of suit.

5. Other relief warranted by the facts established at trial.

### As to the Third Cause of Action—Breach of Written Contract

Against Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30;

1. Damages in the amount of $223,000.00.

2. Interest at the rate of 10% per annum from September 9, 2010 until paid.

3. Costs of Suit.

4. Other relief warranted by the facts established at trial.

**As to the Fourth Cause of Action – Breach of Written Contract**

Against Syed Ali Abbas and DOES 31-35;

1. Damages in the amount of $60,500.00

2. Interest at the rate of 10% per annum from September 9, 2010 until paid.

3. Costs of Suit.

4. Other relief warranted by the facts established at trial.

**As to the Fifth Cause of Action—Legal Malpractice**

Against Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30;

1. Damages in the amount of $223,000.00.

2. Costs.

3. Other relief warranted by the facts established at trial.

**As to the Sixth Cause of Action—Money Had and Received**

Against Brynee K. Baylor, Baylor & Jackson, PLLC and DOES 26-30;

1. Damages in the amount of $223,000.00.

2. Interest at 10% per annum from September 9, 2010 until paid.

3. Costs of suit.

4. Other relief warranted by the facts established at trial.

Dated this 25th day of August, 2011

_____
Steven J Hassing, Attorney for Plaintiff