**\*\* E-filed January 5, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRINCETON DEVELOPMENTS, LLC,<br><br>    Plaintiff,<br>   v.<br><br>BRYNEE K. BAYLOR; et al.,<br><br>    Defendants.<br>_____/ | No. C11-04471 HRL<br><br>**ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff Princeton Developments, LLC ("Princeton") sued Brynee Baylor, Baylor & Jackson PLLC, The Milan Group, Inc., Frank Lorenzo, Syed Ali Abbas, GHP Holdings, LLC, and Patrick Lewis on September 8, 2011 alleging claims for fraud, breach of contract, bread of fiduciary duty, legal malpractice, and money had and received. Dkt. No. 1 ("Complaint"). Princeton is a California Limited Liability Company. It is undisputed that defendant Syed Ali Abbas is a California resident. See Dkt. 18. All of the remaining defendants are residents of or entities organized in states other than California.

A federal district court has original diversity jurisdiction over any civil action in which the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). In any case where subject matter jurisdiction depends on § 1332, there must be complete diversity of the parties; that is, all plaintiffs must be of different citizenship than all defendants. Strawbridge v. Curtiss, 7 U.S. 267 (1806). Diversity jurisdiction depends on the parties' status at the commencement of the case (i.e., courts are to look at the citizenship of the parties is

1  determined as of the filing of the complaint). Harris v. Bankers Life and Cas. Co., 425 F.3d 689,
2  695-696 (9th Cir. 2005).

3  Even if no party challenges subject matter jurisdiction, the court has a duty to raise the issue
4  *sua sponte* whenever it is perceived. Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 132 n.1,
5  116 S. Ct. 494, 133 L. Ed. 2d 461 (1995) (Ginsburg, J., concurring) ("[o]f course, every federal
6  court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own
7  motion").

8  Based on the pleadings and papers currently before the court, the undersigned believes that
9  there is a lack of subject matter jurisdiction in this action. Accordingly, all parties shall appear on
10 **January 10, 2012 at 10:00 a.m.** and show cause why, if any, this should not be dismissed for lack
11 of subject matter jurisdiction.

12 **IT IS SO ORDERED.**

13 Dated: January 5, 2012

14 HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

2

**C11-04471 HRL Notice will be electronically mailed to:**

Steven J. Hassing            sjh@hassinglaw.com
Veronika Short               vshort@dpalawyers.com

**Notice will be provided by mail to:**

Brynee K Baylor
2607 24th Street, NW Suite 1
Washington, DC 20036

Syed Ali Abbas
538 Calistoga Circle
Fremont, CA 94536

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

3