IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCETON DEVELOPMENTS, LLC, | No. C 11-4471 CW |
| Plaintiff, | ORDER ADDRESSING THE FAILURE TO APPEAR AT THE CASE MANAGEMENT CONFERENCE BY DEFENDANTS BRYNEE K. BAYLOR AND PATRICK LEWIS AND SERVICE UPON DEFENDANTS DAWN R. JACKSON, MIA C. BALDASSARI AND GPH HOLDINGS, LLC |
| v. | |
| BRYNEE K. BAYLOR; BAYLOR & JACKSON, PLLC; THE MILAN GROUP, INC.; FRANK LORENZO; GPH HOLDINGS, LLC; and PATRICK LEWIS, | |
| Defendants. | |
| _____/ | |
| KUMAN BANQUE, LLC, | No. C 11-4472 CW |
| Plaintiff, | |
| v. | |
| BRYNEE K. BAYLOR; BAYLOR & JACKSON, PLLC; THE MILAN GROUP, INC.; and FRANK LORENZO, | |
| Defendants. | |
| _____/ | |

On September 5, 2012, the Court held a case management conference in the above-captioned cases. Defendants Brynee K. Baylor and Patrick Lewis failed to appear for that conference. The Court warns Baylor and Lewis that, if they fail to appear at the next court date personally or through counsel, their default will be entered.

Plaintiffs Princeton Development, LLC and Kuman Banque, LLC have not yet served Defendant Dawn R. Jackson and have moved for a thirty-day extension to the time period in which they must effectuate service upon her. Plaintiffs added their claims

against Jackson in the first amended complaints (1ACs), which were filed on May 24, 2012. On June 26, 2012, the Court overruled Defendant Frank Lorenzo Pavlico's opposition to Plaintiffs' motions for leave to file to file the 1AC. Plaintiffs have filed declarations detailing their efforts to complete service upon Jackson thus far. Having considered the attempts described in their declarations, and because there was good cause for Plaintiffs to wait until June 26, 2012 to effectuate service upon Jackson, the Court GRANTS Plaintiffs' motions and extends the deadline for service upon this Defendant until October 24, 2012 (Docket Nos. 95 in 11-4471 and 81 in 11-4472).

By October 29, 2012, Plaintiffs must file either proof of timely service upon Jackson or a motion to extend time for service, setting forth good cause to explain their failure to serve Jackson by October 24, 2012. If Plaintiffs fail to comply with the terms of this Order, their claims against Jackson will be dismissed for failure to prosecute.

The Court notes that, in Plaintiffs' case management statement filed on August 28, 2012, they represented that Defendant Mia C. Baldassari was served with the 1AC in the Princeton Developments action on August 24, 2012. However, Princeton Developments has not filed proof of service upon her yet. In its action, Kuman Banque has filed an affidavit of service from a process server stating that Defendant GPH Holdings, LLC was served under state law by substitute service on August 16, 2012 and mailing on August 21, 2012 (Docket No. 72 in 11-4472). However, the process server does not state whether GPH Holdings was served following state law for California or Idaho, where

2

service was made, and under which provision of state law. The Court notes that, as of the date of this Order, Baldassari has not filed an answer or otherwise responded the 1AC in the <u>Princeton Developments</u> action and that GPH Holdings has not answered or otherwise responded to the 1AC in the <u>Kuman Banque</u> action. Accordingly, the Court orders that, within one week of the date of this Order, Princeton Developments file proof of service upon Baldassari pursuant to Federal Rule of Civil Procedure 4(l), that Kuman Banque file an updated proof of service upon GPH Holdings, showing compliance with the provision of state law upon which it relies, and that, if appropriate, Plaintiffs move for entry of default against these Defendants pursuant to Federal Rule of Civil Procedure 55(a).

The Court has set a further case management conference for October 31, 2012 at 2:00 p.m.

This Order terminates Docket Nos. 95 in 11-4471 and 81 in 11-4472.

IT IS SO ORDERED.

Dated: 9/24/2012

CLAUDIA WILKEN
United States District Judge