IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCETON DEVELOPMENTS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>BRYNEE K. BAYLOR; BAYLOR & JACKSON, PLLC; THE MILAN GROUP, INC.; FRANK LORENZO; GPH HOLDINGS, LLC; and PATRICK LEWIS,<br><br>    Defendants.<br>_____/ | No. C 11-4471 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO ALLOW SERVICE BY PUBLICATION UPON DEFENDANT DAWN JACKSON (Docket Nos. 102 in 11-4471 and 89 in 11-4472), ADDRESSING DEFENDANT MIA BALDASSARI'S FAILURE TO ANSWER IN 11-4471 AND CONTINUING CASE MANAGEMENT CONFERENCE |
| KUMAN BANQUE, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>BRYNEE K. BAYLOR; BAYLOR & JACKSON, PLLC; THE MILAN GROUP, INC.; and FRANK LORENZO,<br><br>    Defendants.<br>_____/ | No. C 11-4472 CW |

    On September 21, 2012, Plaintiffs Princeton Development, LLC and Kuman Banque, LLC moved this Court for an order allowing them an additional thirty days within which to effect service on Dawn Jackson. The supporting declaration explained the prior efforts taken and the reason why Plaintiff believed that thirty days would be sufficient. This Court granted the motion and set October 24, 2012 as the last day on which Plaintiffs could serve Jackson.

On October 22, 2012, Plaintiffs moved this Court for the second time for an order extending time for service and allowing them to accomplish service on Jackson by publication.[1] In his supporting declaration, Harold Lloyd, Plaintiffs' Maryland process server, described his nine attempts at Jackson's home including a stakeout and his total inability, since September 10, 2012, to get her to come to the door so that he could drop the papers in her view.

According to the First Amended Complaints (1ACs), Jackson is an attorney and at the time of the alleged fraud and legal malpractice, the law partner of Brynee Baylor, another Defendant in this action. Based on Lloyd's declaration, it appears that Jackson is taking extraordinary steps to avoid service and publication appears to be the only way to effect service.

Accordingly, for good cause shown, Plaintiffs' joint motion is GRANTED (Docket Nos. 102 in 11-4471 and 89 in 11-4472). Plaintiffs shall complete service by publication pursuant to California law by no later than November 30, 2012 or the claims against Jackson will be dismissed. Plaintiffs shall file proof of service upon Jackson no later than December 5, 2012.

The Court hereby CONTINUES the October 31, 2012 further case management conference to Wednesday, January 23, 2012, at 2:00 p.m.

---

[1] Plaintiffs are reminded that, pursuant to Civil Local Rule 5-1(g), they are required to submit their proposed orders in an approved processing format, such as Word, Word Perfect or ASCII text, to the Court's proposed order email address, CWpo@cand.uscourts.gov, in addition to filing their proposed orders in PDF format in the docket of these cases.

2

The Court notes that, after the Clerk entered default as to Defendant Mia Baldassari in the Princeton Developments action, Baldassari filed a motion for permission to appear by telephone at the case management conference in both of the above-captioned cases. The Court informs Baldassari that she is currently in default in the Princeton Developments action and that, if she wishes to defend the claims asserted against her in that case, she must make a motion to set aside the entry of default and show good cause to do so under Federal Rule of Civil Procedure 55(c).[2] If Baldassari makes such a motion, she is ordered to file it within the next two weeks and notice it for hearing on Jan. 23, 2013 at 2 p.m., and to attach to her motion her proposed answer to the 1AC in the Princeton Developments action.

IT IS SO ORDERED.

Dated: 10/29/2012

CLAUDIA WILKEN
United States District Judge

---

[2] Baldassari has answered the operative complaint in the Kuman Banque action. Docket No. 78 in 11-4472.

3