IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCETON DEVELOPMENTS, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>BRYNEE K. BAYLOR; BAYLOR & JACKSON, PLLC; THE MILAN GROUP, INC.; FRANK LORENZO; GPH HOLDINGS, LLC; PATRICK LEWIS; BRETT A. COOPER; DAWN R. JACKSON; SUSAN C. KEVRA; MIA C. BALDASSARI; ELMO BALDASSARI; GLOBAL FUNDING SYSTEMS; and THE LAW OFFICES OF SUSAN C. KEVRA,<br><br>      Defendants.<br>_____/ | No. C 11-4471 CW<br><br>ORDER GRANTING DEFENDANT MIA BALDASSARI'S MOTION TO SET ASIDE DEFAULT<br>(Docket No. 111) |

    Pro se Defendant Mia Baldassari moves to set aside the default entered against her on October 3, 2012. Plaintiff Princeton Developments, LLC opposes the motion. The Court takes the motion under submission on the papers and GRANTS it.

BACKGROUND

    On August 24, 2012, Baldassari was served with the summons and complaint in the instant case. Docket No. 97.

    On September 5, 2012, Baldassari mailed an answer to the complaint in the instant case, along with an answer to the complaint in a related case, Kuman Banque, LLC v. Baylor, Case No. 11-4472, to the Clerk of the Court for filing. Mot. to Set Aside Default,[1] Docket No. 111, ¶ 3; Baldassari Reply Decl., Ex. 1

---

[1] Baldassari has attested to the truthfulness of the statements made in her motion under penalty of perjury. Mot. to Set Aside Default, 3.

(domestic return receipt from USPS, showing that delivery was made on September 10, 2012).[2] Baldassari also attests that she emailed a copy of both answers to Plaintiff's attorney on September 7, 2012. Mot. to Set Aside Default ¶ 4; Baldassari Reply Decl. ¶ 5. Baldassari's answer in the Kuman Banque case was received by the Court and filed on September 10, 2012. Docket No. 78 in Case No. 11-4472. However, no answer was received or filed in the instant case.

Baldassari further states that she received a copy of Plaintiff's motion for entry of default against her on October 4, 2012, three days after it was filed and the day after it was granted. Mot. to Set Aside Default ¶ 5; Baldassari Reply Decl. ¶ 6; see also Docket Nos. 98, 99. On October 8, 2012, she again emailed Plaintiff's counsel a copy of her answer in the instant case. Mot. to Set Aside Default ¶ 6; Baldassari Reply Decl. ¶ 7 & Ex. 2.

On October 15, 2012, Baldassari filed a motion to appear by telephone at the case management conferences scheduled for October 31, 2012 in both the instant action and the Kuman Banque case. Docket No. 100.

On October 29, 2012, the Court continued the case management conferences until January 23, 2013. Docket No. 108. At that time, the Court informed Baldassari that she was in default in this action and that, if she wished to defend the claims asserted

---

[2] Plaintiff has not objected to the new evidence that Baldassari submitted with her reply. See Civil Local Rule 7-3(d)(1) (providing that any objections to reply evidence must be filed and served not more than seven days after the filing of the reply).

2

against her in that case, she had to make a motion to set aside the entry of default and show good cause to do so under Federal Rule of Civil Procedure 55(c).  The Court directed her to attach a proposed answer to any such motion.

On November 1, 2012, Baldassari learned that default had been entered against her and shortly thereafter contacted the Court's courtroom deputy, who advised her that the Court had received her answer in the Kuman Banque action and not in the instant case. Mot. to Set Aside Default ¶¶ 8-9; Baldassari Reply Decl. ¶ 9-10.

On November 9, 2012, Baldassari filed the instant motion to set aside the default and simultaneously filed her proposed answer.  Docket Nos. 111 and 112.

DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause."  The district court has discretion to determine whether a party demonstrates "good cause."  Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969).  The court's discretion is particularly broad where a party seeks to set aside an entry of default rather than a default judgment. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986).

In evaluating whether a party has demonstrated good cause, a district court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff.  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).  Default judgments are "ordinarily disfavored" because "[c]ases should be

3

decided upon their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). Thus, whenever "timely relief is sought . . . and the movant has a meritorious defense," a court must resolve any doubt in favor of setting aside the default. Mendoza, 783 F.2d at 945-46. The party seeking to vacate the entry of default bears the burden of demonstrating that these factors favor doing so. TCI, 244 F.3d at 696.

Baldassari has demonstrated that she acted diligently in attempting to answer the complaint in the instant case. Plaintiff argues that she did not demonstrate good cause because "the clerk has explained that the only answer received was in response to the Kuman complaint." Opp. at 2. However, Baldassari has attested that she did mail the answer to the Court along with her answer in the related case but that it did not arrive for an unknown reason.

In addition, there is no evidence that setting aside Baldassari's default would prejudice Plaintiff, and Baldassari has offered a potentially meritorious defense to Plaintiff's claims against her. Plaintiff alleges in the first amended complaint (1AC) that Defendant The Milan Group, Inc. is the alter ego of Baldassari, that, from August 2010 to August 2011, she conspired with other Defendants to defraud Plaintiff of $325,000 and that she received part of the money of which Plaintiff was defrauded. In her proposed answer, Baldassari denies Plaintiff's allegations and states that she had no involvement with the Milan Group after December 2009, that she was not involved with, and had no knowledge of, the alleged scheme or the purported conspirators, and that she did not receive any money from it.

4

Plaintiff contends that the motion should be denied nonetheless because Baldassari "has not followed the motion procedure required by Local Rule 7-2" and did not "provide any notice of motion or any memorandum of points and authorities." Opp. at 1-2. However, although she did not cite legal authorities in support of her argument, in her motion Baldassari set forth a statement of the relevant facts and provided sufficient grounds for the relief requested. Further, although Baldassari failed to notice the motion for hearing, the Clerk scheduled a hearing date for the motion in accordance with the Court's prior order setting a date. See Docket Nos. 108, 115. In this instance, the Court exercises its discretion to excuse Baldassari's failure to comply with the local rules. See Allen v. United States Fidelity & Guaranty Co., 342 F.2d 951, 954 (9th Cir. 1965); Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd., 422 F.3d 72, 76 (2d Cir. 2005); Nvidia Corp. v. United States Bankr. Court, 2006 U.S. Dist. LEXIS 94417, at *13-14 (N.D. Cal.).[3]

## CONCLUSION

For the reasons set forth above, the Court GRANTS Baldassari's motion to set aside the default entered against her (Docket No. 111). The Clerk of the Court is directed to set aside

---

[3] Although the Court excuses the violation of the Civil Local Rules in this instance, the pro se parties in this action are reminded that they are required to follow the Federal Rules and all applicable local rules. See Civil Local Rule 3-9(a).

The Court has several resources to provide information for individuals who are representing themselves in civil cases in this district, which can be accessed at http://www.cand.uscourts.gov/proselitigants. These resources include a handbook for pro se litigants, which can be downloaded at http://www.cand.uscourts.gov/prosehandbook.

5

the default of Baldassari.  The Court deems filed Baldassari's proposed answer as of the date of this Order (Docket No. 112).

The Court maintains the case management conference currently set for Wednesday, January 23, 2013, at 2:00 p.m.

IT IS SO ORDERED.

Dated: 1/16/2013

CLAUDIA WILKEN
United States District Judge