**United States District Court**
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4    PRINCETON DEVELOPMENTS, LLC,                   No. C 11-4471 CW

5         Plaintiff,                                 ORDER GRANTING
                                                      MOTIONS TO
6      v.                                             SUBSTITUTE (Docket
                                                      Nos. 132 in 11-
7    BRYNEE K. BAYLOR; BAYLOR &                       4471 and 111 in
     JACKSON, PLLC; THE MILAN GROUP,                  11-4472) AND
8    INC.; FRANK LORENZO; GPH                         ADDRESSING
     HOLDINGS, LLC; and PATRICK LEWIS,                DEFENDANT DAWN
9                                                     JACKSON'S MOTION
          Defendants.                                 TO DISMISS AND
10    _____/               PLAINTIFFS'
                                                      OPPOSITION TO THAT
11                                                    MOTION

12   KUMAN BANQUE, LLC,                               No. C 11-4472 CW

13        Plaintiff,

14     v.

15   BRYNEE K. BAYLOR; BAYLOR &
     JACKSON, PLLC; THE MILAN GROUP,
16   INC.; and FRANK LORENZO,

17        Defendants.
     _____/
18
          In the above captioned actions, Plaintiffs Princeton
19
     Developments, LLC and Kuman Banque, LLC move to substitute Susan
20
     Kevra-Shiner as Executrix of the Estate of Frank L. Pavlico III in
21
     the place of Defendant Frank Lorenzo Pavlico, who has passed away.
22
     Plaintiffs have asserted claims against Mr. Pavlico for fraud and
23
     disgorgement of funds and have sought as relief punitive damages,
24
     among other things.  Pursuant to California Code of Civil
25
     Procedure section 377.42, punitive damages are not recoverable
26
     against Mr. Pavlico's successor-in-interest and Plaintiffs
27
     conceded that their demands for punitive damages from Mr. Pavlico
28

1 did not survive his death. Accordingly, the Court STRIKES

2 Plaintiffs' demands for punitive damages from Mr. Pavlico only,

3 GRANTS Plaintiffs' motions and SUBSTITUTES Susan Kevra-Shiner as

4 Executrix of the Estate of Frank L. Pavlico III in the place of

5 Defendant Frank Lorenzo Pavlico (Docket Nos. 132 in 11-4471 and

6 111 in 11-4472). Plaintiffs shall serve Ms. Kevra-Shiner with a

7 copy of this Order within fourteen days of its issuance and shall

8 file proof of service by that date.

9      Pro se Defendant Dawn Jackson also moves to dismiss the

10 claims asserted against her in both actions for lack of personal

11 jurisdiction and failure to state a claim. Docket Nos. 131 in 11-

12 4471 and 110 in 11-4472. Plaintiffs have filed a joint opposition

13 to Jackson's motion. Docket Nos. 134 in 11-4471 and 113 in 11-

14 4472. With their opposition, Plaintiffs have filed a proof of

15 service upon certain Defendants but not upon Jackson. Docket Nos.

16 134-1 in 11-4471 and 113-1 in 11-4472. In their opposition,

17 Plaintiffs argue that Jackson's motion is improper and should be

18 stricken because she is currently in default, but do not address

19 the merits of the arguments that Jackson presented in her motion.

20      Within one day of the date of this Order, Plaintiffs shall

21 file proof of service of their opposition upon Jackson. By March

22 7, 2013, Jackson shall file a reply, of no more than fifteen

23 pages, addressing whether there is good cause to set aside the

24 default against her pursuant to Federal Rule of Civil Procedure

25 55(c). Jackson's failure to do so will result in denial of her

26 motion to dismiss. By March 14, 2013, Plaintiffs shall file a

27 sur-reply, of no more than fifteen pages, addressing the arguments

28 presented by Jackson in her motion and her reply brief.

United States District Court
For the Northern District of California

2

1    The Court notes that this is not the first time that

2  Plaintiffs have failed to serve properly a pro se Defendant in

3  this case.  See, e.g., Docket Nos. 67 in 11-4471 and 50 in 11-

4  4472.  Plaintiffs are warned that they must be diligent about

5  doing so and about filing appropriate proof of service.

6       IT IS SO ORDERED.

7

8  Dated: 2/19/2013

   CLAUDIA WILKEN
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28