IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCETON DEVELOPMENTS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>BRYNEE K. BAYLOR; BAYLOR & JACKSON, PLLC; THE MILAN GROUP, INC.; FRANK LORENZO; GPH HOLDINGS, LLC; and PATRICK LEWIS,<br><br>    Defendants.<br>_____/ | No. C 11-4471 CW<br><br>ORDER GRANTING MOTIONS TO SET ASIDE DISMISSALS (Docket Nos. 144 in 11-4471 and 122 in 11-4472) AND SETTING FURTHER DEADLINES |
| KUMAN BANQUE, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>BRYNEE K. BAYLOR; BAYLOR & JACKSON, PLLC; THE MILAN GROUP, INC.; and FRANK LORENZO,<br><br>    Defendants.<br>_____/ | No. C 11-4472 CW |

On February 20, 2013, the Court dismissed the above-captioned cases for failure to prosecute after Plaintiffs Princeton Development, LLC and Kuman Banque, LLC failed to appear at a case management conference (CMC) that the Court had set to take place on that date in an earlier order.  Docket Nos. 142 in 11-4471 and 120 in 11-4472).  The Court also noted that Plaintiffs had failed to contact the Courtroom Deputy by February 20, 2013 as directed at the last CMC if the parties were unable to settle and needed to be referred to a Magistrate Judge for a settlement conference.  See Docket Nos. 125 in 11-4471 and 104 in 11-4472.

1    On February 26, 2013, Plaintiffs moved to set aside the
2 dismissal and to reinstate the cases.  Docket Nos. 144 in 11-4471
3 and 122 in 11-4472.  Plaintiffs' counsel has submitted a
4 declaration, explaining why he failed to attend the CMC.  Hassing
5 Decl. ¶¶ 6-7.  Counsel also states that he told the Courtroom
6 Deputy on February 11 or 12 that the parties did not need a
7 referral to a Magistrate Judge for a settlement conference and
8 that she had directed him to provide a written letter.  Id. at
9 ¶ 12.  He represents that he did not send a letter because he
10 intended to advise the Court of the status of settlement
11 discussions at the February 20 CMC.  Id.

12   Federal Rule of Civil Procedure 60(b)(1) allows a court "to
13 relieve a party or its legal representative from a final judgment,
14 order, or proceeding for . . . mistake, inadvertence, surprise, or
15 excusable neglect."  "The determination of whether neglect is
16 excusable 'is at bottom an equitable one, taking account of all
17 relevant circumstances surrounding the party's omission.'"  Id.
18 (quoting Pioneer, 507 U.S. at 395).  "To determine when neglect is
19 excusable, we conduct the equitable analysis specified in Pioneer
20 by examining at least four factors: (1) the danger of prejudice to
21 the opposing party; (2) the length of the delay and its potential
22 impact on the proceedings; (3) the reason for the delay; and
23 (4) whether the movant acted in good faith."  Id. (quoting Bateman
24 v. U.S. Postal Serv., 231 F.3d 1220, 1223–24 (9th Cir. 2000))
25 (internal quotation marks and formatting omitted).

26   These factors weigh in favor of setting aside the order of
27 dismissal here.  Prior to this point in the litigation, Plaintiffs
28 have diligently met filing deadlines and have appeared at each of

2

the scheduled court dates.  Plaintiffs' failure to attend the CMC in this single instance was the result of a good faith mistake on the part of their counsel, who has submitted a sworn declaration explaining the circumstances.  Plaintiffs also quickly sought to vacate the dismissals to avoid impacting the case management schedule.

Accordingly, the Court GRANTS Plaintiffs' motion to set aside the dismissals and REINSTATES these cases under Rule 60(b)(1). The Court warns Plaintiffs that a repeated failure to meet filing deadlines or to appear for conferences or hearings in the future may result in dismissal of their cases.

The previously set case management dates are maintained.  See Docket Nos. 125 in 11-4471 and 104 in 11-4472.  The Court also orders as follows:

(1)  Plaintiffs' counsel represents that a settlement conference is not needed at this time because he believes that a settlement is "not going to happen" as a result of Defendant Patrick Lewis's failure to provide requested documents.  Hassing Decl. ¶ 12.  The Court orders the parties to make a good faith attempt to settle these cases.  The cases are hereby referred to a Magistrate Judge for a settlement conference to be held in the next ninety days.  If discovery obligations are not being met, the aggrieved party shall seek judicial assistance as outlined in the Court's standing orders.

(2)  Within two weeks of the date of this Order, Plaintiffs shall serve summonses and their amended complaints on Susan Kevra-Shiner, Executrix of the Estate of Frank L. Pavlico III, pursuant

3

to Federal Rule of Civil Procedure 4, and she shall file a response to the amended complaints within three weeks thereafter.

(3)   Plaintiffs have filed proof of service of its February 19, 2013 order on Ms. Kevra-Shiner in the care of the Law Office of Susan C. Kevra, 748 Grove Street, Avoca, Pennsylvania 18641. Docket Nos. 140 in 11-4471 and 119 in 11-4472.  The Court notes that, in the related case proceeding in the District Court for the District of Columbia, <u>Securities and Exchange Commission v. The Milan Group, Inc.</u>, Case No. 11-2131, Ms. Kevra-Shiner has filed several documents that provide a different address, 1003 Whippoorwill Drive, Clarks Summit, Pennsylvania 18411.  Within two weeks of the date of this order, Plaintiffs are directed to serve Ms. Kevra-Shiner with a copy of the February 19, 2013 order at the Clarks Summit address as well and to file proof of service.

(4)   The Court maintains the deadlines currently set for the briefing on Defendant Brynee Baylor's motion to vacate the defaults entered against her and Defendant Dawn Jackson's motion to dismiss.  <u>See</u> Docket Nos. 136, 139 in 11-4471 and 115, 117 in 11-4472.  These motions will be resolved on the papers.

(5)   The Court sets Thursday, July 25, 2013, at 2:00 p.m. as the deadline to hear all case dispositive motions.

IT IS SO ORDERED.

Dated:  3/1/2013

CLAUDIA WILKEN
United States District Judge

4